UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGG CORSO,

    Plaintiff,

v.                                                    Case No:   6:18-cv-1864-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

This matter comes before the Court on Defendant the Commissioner of Social Security's Unopposed Motion for Entry of Judgment with Remand (Doc. 12). The Commissioner requests that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that she can take further administrative action. She advises that,

> Upon remand, the Appeals Council will instruct the Administrative Law Judge (ALJ) to resolve any apparent conflicts between the vocational expert's (VE's) testimony and the information contained in the Dictionary of Occupational Titles (DOT) per Washington v. Comm'r of Soc. Sec., 906 F.3d 1353 (11th Cir. 2018). Specifically, before relying on the VE's testimony to support a step four or five finding, the ALJ will resolve any apparent inconsistencies between the requirements of any identified job as listed in the DOT and the limitations as set out in the ALJ's RFC finding. The ALJ will articulate the resolution of any such inconsistency in the decision.

(Id. at 1). The Commissioner represents that Plaintiff's attorney has been contacted and has no objection to this motion (Id. at 1-2).

---

[1] On January 14, 2019 both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 7). The case was referred to me by Order of Reference on January 16, 2019 (Doc. 9).

Under Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the case for rehearing. Shalala v. Schaefer, 509 U.S. 292 (1993). If the case is remanded pursuant to sentence-four of the statute, the ALJ must review the complete case record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation). Because the Court agrees with the parties that it is appropriate to remand this case:

(1) The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 12) is **GRANTED**.

(2) This action is **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

(3) The Clerk is directed to **ENTER JUDGMENT**, **TERMINATE** any pending motions, and **CLOSE** the file.

(4) The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded. Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

**DONE** and **ORDERED** in Orlando, Florida on May 16, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record